**FILED**
March 3, 2023
12:49 PM (ET)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| **Bonnie Brown,** | ) | **Docket No.: 2016-01-0139** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Whole Foods Markets, Inc.,** | ) | **State File No.: 58807-2015** |
| **Employer,** | ) | |
| **And** | ) | |
| **Ace American Ins. Co.,** | ) | **Judge Thomas Wyatt** |
| **Carrier.** | ) | |
| | ) | |

## EXPEDITED HEARING ORDER

On February 22, 2023, Bonnie Brown asked to see a psychiatrist for evaluation of any impairment she retains from an alleged mental injury. She also requested ongoing treatment for that injury. Whole Foods urged the Court to reject Ms. Brown's requests because: (1) no authorized provider has referred her to a psychiatrist, and (2) she did not prove the work-relatedness of her mental injury or that she needs treatment of it. Whole Foods based its causation defense principally on an alleged lack of medical evidence.

For the reasons below, the Court orders Whole Foods to provide ongoing treatment as described for Ms. Brown's mental injury.

### History of Claim

Ms. Brown worked for Whole Foods for approximately twenty months. About a year into her employment, Whole Foods transferred her to a store in Chattanooga to work as a cook. She testified that cooking was her dream job and that her network of friends in Chattanooga consisted of Whole Foods co-employees. Before Whole Foods, Ms. Brown maintained regular employment for twenty-three years.

On July 22, 2015, Ms. Brown injured her lumbar spine while lifting a forty-pound box of frozen turkeys. Whole Foods authorized care, including spinal fusion surgery in

1

2016. The pain and the weakness in her spine and legs remained after surgery, and she was unable to return to work.

During post-surgery care in 2016, an authorized physician referred her for "psychological evaluation" when she exhibited tearfulness and depression. Whole Foods authorized the referral, and the psychologist diagnosed Ms. Brown with a "major depressive disorder—single episode," described as severe but without psychotic features. The psychologist noted Ms. Brown had developed weeping and insomnia and could not return to work.[1]

Ms. Brown testified that she had enjoyed mostly good mental health until her back and leg pain persisted after surgery. The exception consisted of three months of treatment in 2010-11 for depression and anxiety caused by Ms. Brown's partner moving out with a child whom Ms. Brown considered her "son."[2] A November 10, 2010 treatment note from Village Medical Center documented that Ms. Brown was prescribed medication for depression and anxiety. By January 15, 2011, the last recorded visit, Ms. Brown reported being "much better" because her "partner moved back into the house with her and they are living as roommates, getting along ok." Thus, the provider at Village recommended that she wean off prescribed medication, which she did.

As to Ms. Brown's treatment under workers' compensation, Whole Foods authorized twelve counseling sessions with a psychologist, who diagnosed moderate major depression and a pain disorder with psychological factors. This psychologist diagnosed "depression related to work injury" with an onset date of June 2015.

Ms. Brown has also received authorized pain management treatment from three different practices. In June 2019, an authorized pain management physician recommended narcotic pain medication and medication for depression and anxiety. Ms. Brown testified she declined the narcotics because she did not want to become addicted. Occasionally, the pain management physicians prescribed medication to treat depression and anxiety. Further, multiple drug tests performed during pain management were positive for marijuana.[3]

Sometime in 2019, Ms. Brown moved to Texas to be near family, including the child she considers her son. Then, beginning in January 2020, Whole Foods authorized

---

[1] The parties did not introduce evidence that Ms. Brown selected any of the psychologists who treated her from a panel. It appears she saw the psychologists through direct referrals authorized by Whole Foods.

[2] Ms. Brown testified she was present at the child's birth and, except for the brief period of separation, has always been in the child's life. Ms. Brown currently enjoys regular visitation with the child, who is now fourteen years old.

[3] Ms. Brown disclosed her marijuana use to her physicians. She testified she has used marijuana approximately once per month for forty years. She said that it makes her happy, not depressed. She testified she knew that her marijuana use violated the pain management contracts she signed.

treatment by psychologist Lauren Henriksen, Ph.D. Ms. Brown wrote on an intake sheet on her initial visit: "This back injury has changed my quality of life. Everything has changed for me. I've lost all my friends, I can no longer do the things I love. Walking is difficult. Bending is hard for me. I've lost my job, my car. I am just existing, not living."

Dr. Henriksen performed an initial evaluation and psychological testing, and she and others in her practice counseled Ms. Brown twelve times through late May 2020.

Dr. Henriksen diagnosed depression and anxiety that caused kineisiophobia (fear of reinjury) and grief over loss of her former level of physical function. She testified that psychological testing showed Ms. Brown's depression and anxiety were severe, causing feelings of uselessness, worry, apprehension, and loss of confidence in her ability to recover.

In late May 2020, Dr. Henriksen recommended that Ms. Brown participate in an all-day chronic pain/functional restoration program. Ms. Brown responded that she could not because she had nobody to look after her dogs and her "son" during the all-day sessions.[4] Dr. Henriksen said that she expected Ms. Brown would have continued to improve, had she undergone the recommended program. Dr. Henriksen's practice discharged Ms. Brown at the end of May 2020 but wrote that she could return if needed.

Both parties asked Dr. Henriksen about causation. In response to a question by Whole Foods' counsel, Dr. Henriksen stated:

> [W]hen people come in with a work-related injury, they're grieving their former self because they're not able to do the things they used to do — so bend, lift — and it causes a great deal of pain. And pain itself can cause depression so that was a big part of it [with Ms. Brown.]
>
> I think I even documented in the notes that she loved her job so there's some of that[.] [A] big part of it was due to the chronic pain, not being able to recover, not recovering from the surgery in terms of bouncing back physically. So, a great deal of it was due to the pain.

Ms. Brown's counsel had Dr. Henriksen document the psychological symptoms that Ms. Brown reported, including severe depression, worry, anxiety, loss of self-confidence, and difficulties coping with her pain and physical limitations. Dr. Henriksen responded, "Correct" to counsel's question whether she noted in her records that "all of these problems [are] proximally caused by [Ms. Brown's] July 22, 2015 work injury."

---

[4] Dr. Henriksen stated that her file did not show that Whole Foods authorized the all-day program.

The single departure in Dr. Henriksen's testimony relating Ms. Brown's mental symptoms to her spine injury occurred when Whole Foods' counsel asked if she knew that Ms. Brown "had a history of depression or anxiety dating back to at least 2010." Counsel did not detail the underlying facts of this "history" or give Dr. Henriksen the Village records to review.

Dr. Henriksen responded that Ms. Brown told her she had "no previous psychological diagnoses." She testified that she would have related all the mental symptoms she treated to the work injury if Ms. Brown had no past psychological history. But, if Ms. Brown had a history of psychological treatment, Dr. Henriksen did not know whether the work injury accounted for more than fifty percent of the cause of Ms. Brown's depression and anxiety.

Ms. Brown's counsel also asked whether Dr. Henriksen's practice had a psychiatrist who could assess impairment as required by Tennessee law. She said no, but she had made referrals to psychiatrists in the past and could do so here.

For her part, Ms. Brown testified that she has concerns about her mental status and needs "someone to talk to." She said that she did not ask for additional counseling earlier because her attorney's representative told her two years ago that the case was ending, and she was "on her own" for treatment. Further, Ms. Brown testified she moved to another part of Texas and is no longer in the community in which Dr. Henriksen practices.[5] Ms. Brown has received recent mental-related treatment on her own through programs operated by the State of Texas.

Whole Foods offered the report of physical and rehabilitation physician Dr. Jeffrey Hazlewood. He reviewed records and stated that Ms. Brown's work injury did not cause at least fifty percent of her need for a psychiatric referral. He also questioned whether Ms. Brown had ongoing symptoms because she has not received treatment for a lengthy period. Finally, he suggested that family problems contributed at least fifty percent to any ongoing symptoms and stated that marijuana can cause or contribute to depression in some patients.

## Findings of Fact and Conclusions of Law

To recover, Ms. Brown must show she would likely prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2022).

The Court first considers Ms. Brown's request to see a psychiatrist for an impairment evaluation. Tennessee law provides benefits for "a loss of mental faculties or [a] behavioral disorder, arising primarily out of a compensable physical injury[.]" Tenn.

---

[5] Whole Foods' counsel suggested that it might authorize additional counseling by a psychologist but stated that a return to Dr. Henriksen was not feasible because of Ms. Brown's relocation.

4

Code Ann. § 50-6-102(15). Those benefits include an award of permanent partial disability benefits if the employee's mental injury results in "disability partial in character but adjudged to be permanent." Tenn. Code Ann. § 50-6-207(3).

The number of weeks of an employee's original award of permanent partial disability benefits is "determined by multiplying the employee's *impairment rating* by four hundred fifty (450) weeks." *Id.* (Emphasis added). Thus, an impairment rating is essential for the determination of the disability benefits to which an employee may be entitled by law.

The importance of impairment evaluation in workers' compensation cases is underscored by Tennessee Compilation Rules & Regulations 0800-02-17-.25(1)-(2) (September 2021), which provides, "The authorized treating physician *is required and responsible for* the employee's maximum medical improvement (MMI) date and providing the employee's impairment rating for the injury the physician is treating." (Emphasis added).

Despite the above clear statutory pronouncements of the importance of impairment assessment under Tennessee law, obtaining assessment of mental impairment where, as here, all authorized mental-related treatment has been provided by psychologists is problematic. Tennessee Code Annotated section 50-6-204(k)(1) limits the authority to give impairment ratings to "the treating physician or chiropractor." Psychologists cannot provide opinions regarding causation and permanency because they are not physicians. *Gates v. Jackson Appliance Co.,* No. W1999-00743-SC-WCM-CV, 2001 Tenn. LEXIS 522, at *16 (Tenn. Workers' Comp. Panel June 27, 2001); *see also Creasman v. Waves, Inc.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 13, n.1 (Apr. 16, 2018).

Here, Ms. Brown argues that justice and good sense mandate that Whole Foods give her a panel from which she will select a psychiatrist to assess her impairment. Whole Foods counters that she can see a psychiatrist only upon referral from an authorized physician, which has not happened.

Barring oversight, the Court cannot explain why the General Assembly did not provide a mechanism for impairment assessment where an employer provides only non-physician providers to treat an employee's mental injury. Be that as it may, the Workers' Compensation Law does not provide this mechanism. In interpreting statutory enactments, a court is to give meaning and purpose to every word used in the statute if that can be done without arriving at an absurd result contrary to the statute's obvious intent. *In re C.K.G.,* 173 S.W.3d 714, 722 (Tenn. 2015). Here, the Court has done that and finds no mechanism for ordering Whole Foods to provide a psychiatrist panel solely for the purposes of assessing impairment.

In *Pool v. Jarmon D&Q Transport,* 2016 TN Wrk. Comp. App. Bd. LEXIS 1, at *9 (Jan. 4, 2016), the Appeals Board considered whether an employee may require an employer to pay for a causation opinion. The Board held, "[T]here is no 'right to a causation opinion' as such. It is the parties' responsibility to secure expert opinions or other evidence necessary to address any applicable burden of proof." Consistent with the above opinion, the Court holds that, while seemingly unfair, Ms. Brown cannot compel Whole Foods to provide her a panel for psychiatric assessment of impairment.

The Court now turns to the causation issue raised by Whole Foods. The parties questioned Dr. Henriksen thoroughly on causation but, not being a physician, her causation opinion is inadmissible. *See Gates, supra.* The Court gives no weight to Dr. Hazlewood's causation opinion because he is not a psychiatrist. *See* Tenn. Code Ann. § 50-6-204(h) ("all psychological or psychiatric services available [under the law] shall be *rendered only by psychologists and psychiatrists* and shall be limited to those ordered upon the referral of [authorized] physicians[.]").

Here, Whole Foods authorized treatment by psychologists, apparently in direct referral from the physician authorized to treat Ms. Brown's spinal injury. That authorization included treatment by Dr. Henriksen, who testified that Ms. Brown could return to her for care if needed. Until Ms. Brown requested to see a psychiatrist to assess impairment, Whole Foods never denied authorization to Ms. Brown for care by psychologists, nor did it challenge the causation of her mental symptoms.

Ms. Brown testified credibly as to her need for additional psychological treatment. Dr. Henriksen's records and testimony corroborated the mental symptoms to which Ms. Brown testified. The fact that she has obtained unauthorized treatment for mental symptoms in her new community corroborates her testimony about needed ongoing mental-related treatment. The Village records also supported her testimony about the three months of mental-related treatment she received more than ten years ago. Ms. Brown testified directly and openly about that previous treatment, and about her use of marijuana, even though Whole Foods sought to use those facts to discredit her.

For the above reasons, the Court holds that, at a hearing on the merits, Ms. Brown will prevail in establishing her need for ongoing psychological care.

IT IS, THEREFORE, ORDERED as follows:

1. Whole Foods shall authorize Ms. Brown to return to Dr. Henriksen for assessment of her need for ongoing care and possible referral to a psychologist or psychiatrist in Ms. Brown's community. Alternatively, it may provide Ms. Brown a panel consisting of psychologists and/or psychiatrists in her current community so that she may select a provider for assessment of her need for ongoing care and/or referral to a psychiatrist. Whole Foods shall authorize and

arrange for the visit with Dr. Henriksen or provide the described panel **no later than twenty business days after issuance of this order.**

2. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

ENTERED March 3, 2023.

*Thomas Wyatt*
_____
**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Joint Motion to Continue Compensation Hearing
4. Request for Expedited Hearing
5. Notice of Late-Filed Exhibit (Affidavit of Bonnie Brown)
6. Motion to Allow Telephone Appearance
7. Employer's Opposition to Telephone Appearance
8. Order
9. Order Setting Expedited Hearing
10. Motion to Quash Medical Report of Dr. Jeffrey Hazlewood
11. Motion to Compel
12. Employer's Response to Motion to Quash
13. Employer's Response to Motion to Compel
14. Order
15. Notice of Expedited Hearing
16. Motion to Continue Expedited Hearing
17. Order Denying Motion to Continue
18. Employer's Expedited Hearing Brief

Exhibits:

1. Affidavit of Bonnie Brown
2. Transcript of Deposition, plus attached exhibits, of Lauren Henriksen, Ph.D.
3. Employer's Compilation of Exhibits for Expedited Hearing
   - Report of Dr. James Little (overruled objection based on lack of relevancy)[6]
   - Report of Dr. Jeffrey Hazlewood (overruled objection based on lack of relevancy)
   - Medical records of Village Medical Centers
   - Medical records of Ancola Pain Management (Dr. Dykes) (overruled objection based on lack of relevancy)
   - Medical records of Siskin Rehabilitation (Dr. Delgardo)
   - Medical records of Woodlands Rehabilitation Center (Dr. Allanell) (overruled objection on lack of relevancy)
   - Medical records of Newbridge Psychology Associates (Dr. Flanagan)
4. Pain Management Agreement
5. Records of Chattanooga Orthopedic Group (Dr. Richardson)

---

[6] Ms. Brown objected to the relevancy of the records because the providers did not treat Ms. Brown's mental injury. The Court overruled the objections because the providers noted, and in some form discussed, the mental injury.

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on March 3, 2023.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Ronnie Berke<br>Employee's Attorney | | **X** | ronnie@berkeattys.com<br>margo@berkeattys.com |
| Kenny Veit<br>Employer's Attorney | | **X** | Kenny.veit@leitnerfirm.com<br>Magi.guinane@leitnerfirm.com |

_____
Penny Shrum, Court Clerk
**WC.CourtClerk@tn.gov**